Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MANUEL LOPEZ REYES

E-filing    ADR

JAN 16 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| MANUEL LOPEZ REYES, | Case No. C07 00253 MJJ |
|---|---|
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| KENOSIAN & MIELE, LLP, a California limited liability partnership, and KENNETH JOHN MIELE, individually and in his official capacity, | 15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |
| Defendants. | |

Plaintiff, MANUEL LOPEZ REYES (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-
COMPLAINT

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

### V. PARTIES

6. Plaintiff, MANUEL LOPEZ REYES (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, KENOSIAN & MIELE, LLP (hereinafter "K&M"), is a California limited liability partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2633 Lincoln Boulevard, #614, Santa Monica, Los Angeles County, California 90405-4619. K&M may be served as follows: Kenosian & Miele, LLP, c/o John Paul Kenosian, General Partner, 2633 Lincoln Boulevard, #614, Santa Monica, Los Angeles County, California 90405-4619 and Kenosian & Miele, LLP, c/o Kenneth John Miele, General Partner, 2633 Lincoln Boulevard, #614, Santa Monica, Los Angeles County, California 90405-4619. The principal business of K&M is the collection of debts using the mails and telephone, and K&M regularly attempts to collect debts alleged to be due another. K&M is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

1    8.   Defendant, KENNETH JOHN MIELE, (hereinafter "MIELE"), is a natural person and licensed attorney in the state of California. MIELE may be served at his current business address at: Kenneth John Miele, Kenosian & Miele, LLP, 2633 Lincoln Boulevard, #614, Santa Monica, Los Angeles County, California 90405-4619. MIELE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.   At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

10.   On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a credit card account issued by First USA Bank, N.A. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.   On or about January 25, 2006, Defendants filed a lawsuit against the Plaintiff in the Superior Court of California, San Mateo County entitled *Unifund CCR Partners v. Manuel L. Reyes, et al.*, Case No. CLJ-452482 (hereinafter the "*Unifund v. Reyes* complaint"), which sought to collect $3,985.85 in damages, pre-judgment interest at the rate of 22% per year from September 23, 2005, and "Attorney's fees of at least $293.15 and additional reasonable attorney's fees for motions and/or if this case goes to mediation, arbitration or trial."

12.   A true and accurate copy of the *Unifund v. Reyes* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13.   The *Unifund v. Reyes* complaint (Exhibit "1") was signed by Defendant, MIELE.

14.   The *Unifund v. Reyes* complaint (Exhibit "1") stated as follows:

OWNERSHIP: Before filing this lawsuit, plaintiff purchased all rights, title and

interest in the obligation upon which this suit is brought and is the sole owner of the account.

15. Plaintiff is informed and believes, and thereon alleges that the *Unifund v. Reyes* complaint (Exhibit "1") misrepresents that the alleged debt was sold, transferred or otherwise assigned to Unifund CCR Partners or to the Defendants for the purposes of collection.

16. First USA Bank, N.A., is a national banking association with its principal offices located at: Three Christina Centre, 201 North Walnut Street, Wilmington, Delaware 19801.

17. The *Unifund v. Reyes* complaint (Exhibit "1") alleged a cause of action based on Common Counts.

18. The *Unifund v. Reyes* complaint (Exhibit "1") alleged an entitlement to attorney's fees pursuant to Cal. Civil Code § 1717.5.

19. Because First USA Bank, N.A., is a national banking association, neither it, Unifund CCR Partners or the Defendants are entitled to seek attorney's fees on a Common Count claim under California law. Cal. Civil Code § 1717.5.

## VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

### (Against All Defendants)

20. Plaintiff brings the first claim for relief against all Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

21. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19 above.

22. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

23. Defendant, K&M, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

24. Defendant, MIELE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. The financial obligation allegedly owed to First USA Bank, N.A., by the

-4-
COMPLAINT

Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

26. The *Unifund v. Reyes* complaint (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

    c. Defendants threatened to collect attorney's fees from the Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Defendants misrepresented that Unifund CCR Partners was lawfully entitled to attorney's fees pursuant to Cal. Civil Code § 1717.5, in violation of 15 U.S.C. § 1692e(10);

    e. Defendants misrepresented that Unifund CCR Partners was lawfully entitled to collect the debt allegedly owed to First USA Bank, N.A., in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

    f. Defendants attempted to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

27. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the Defendants' violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

/ / /

-5-
COMPLAINT

# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**(Against Defendant K&M)**

29. Plaintiff brings the second claim for relief against Defendant, K&M, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28 above.

31. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

32. Defendant, K&M, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

33. The financial obligation allegedly owed to First USA Bank, N.A., by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

34. The *Unifund v. Reyes* complaint (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

   a. K&M misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

   b. K&M misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

   c. K&M threatened to collect attorney's fees from the Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

   d. K&M misrepresented that Unifund CCR Partners was lawfully

entitled to attorney's fees pursuant to Cal. Civil Code § 1717.5, in violation of 15 U.S.C. § 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

  e. K&M misrepresented that Unifund CCR Partners was lawfully entitled to collect the debt allegedly owed to First USA Bank, N.A., in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(l); and

  f. K&M attempted to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e).

35. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

36. As a result of the Defendant's willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

37. As a result of the Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

38. As a result of the Defendant's violations of the RFDCPA Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

39. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' *Unifund v. Reyes* complaint attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10) and 1692f(1);

c. Declare that Defendants' *Unifund v. Reyes* complaint attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(l) and 1788.17;

d. Award the Plaintiff his actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

e. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. Award the Plaintiff his actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a);

g. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

h. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

i. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

j. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
      Fred W. Schwinn, Esq.
      Attorney for Plaintiff
      MANUEL LOPEZ REYES

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

                                                /s/ Fred W. Schwinn
                                                Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MANUEL LOPEZ REYES, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

                                                /s/ Fred W. Schwinn
                                                Fred W. Schwinn, Esq.