IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LOPEZ REYES,<br><br>    Plaintiff,<br><br>  v.<br><br>KENOSIAN & MIELE, LLP, a California limited liability partnership, and KENNETH JOHN MIELE, individually and in his official capacity, *et al.*,<br><br>    Defendant.<br>_____/ | No.  C 07-00253 MJJ<br><br>**ORDER REQUIRING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING** |

Before the Court is Defendants Kenosian & Miele, LLP, and Kenneth Miele's ("Defendants") Motion for Partial Judgment on the Pleadings.[1]  Plaintiff Manuel Reyes ("Plaintiff" or "Reyes") opposes the motion.  After careful consideration of the motion, the supporting and opposing memoranda, the Court hereby orders the parties submit supplemental briefing.

The issue now before the Court is whether the content of Defendants' state court complaint—which serves as the sole basis for Plaintiff's state law Rosenthal Fair Debt Collection Practice Act ("RFDCPA") claims—is privileged under California's litigation privilege, Cal. Civ. Code § 47(b).  Were the litigation privilege to apply broadly to RFDCPA claims, it could effectively immunize certain conduct that the RFDCPA prohibits.  *See Oei v. North Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1100 (C.D. Cal. 2006) (stating "[w]ere the [litigation] privilege to apply

---

[1] Docket No. 22.

1  broadly to Rosenthal Act claims . . . it would effectively immunize conduct that the Act prohibits");
2  *but see Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067-69 (C.D. Cal. 2006) (finding litigation privilege
3  applied to the plaintiff's RFDCPA claims.). Given the apparent conflict between the application
4  California litigation privilege and liability under the RFDCPA, the Court finds that supplemental
5  briefing on the issue of statutory construction and legislative intent would be helpful in resolving the
6  issues before the Court.

7  As California courts have noted, the principles of statutory construction under California law
8  are well-settled. *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1190-91 (2006) (stating that
9  to discern the Legislature's intent, courts must first turn to the statutory language itself; but if the
10 language is ambiguous then to legislative history.) Additionally, in situations harmonizing
11 disparate, and sometimes discordant, statutory provisions, courts are guided by the maxim that,
12 where statutes are otherwise irreconcilable, later and more specific enactments prevail, *pro tanto*,
13 over earlier and more general ones. *Id*. at 1208. (citations omitted). Finally, it is also a well
14 recognized principle of statutory construction that when the Legislature has carefully employed a
15 term in one place and has excluded it in another, it should not be implied where excluded. *Ford
16 Motor Co. v. County of Tulane*, 145 Cal. App. 3d 688, 691 (Ct. Cal. App. 1983) (citing *Bott v.
17 American Hydrocarbon Corp.*, 458 F.2d 229, 233 (5th Cir. 1972); *City of Burbank v. Gen. Elec. Co.*,
18 329 F.2d 825, 832 (9th Cir.1964)).

19 In light of the apparent conflict between the application California litigation privilege and
20 liability under the RFDCPA, the Court **ORDERS** the parties to submit supplemental briefing on the
21 issue of statutory construction and legislative intent of the applicable statutory provisions.
22 Defendants' brief shall be filed not later than August 15, 2007. Plaintiff's opposition shall be filed
23 not later than August 24, 2007. The parties' briefs shall exceed 7 pages in length and shall address
24 only the issues identified herein.

25 **IT IS SO ORDERED.**

27 DATED: August _6_, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2