IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LOPEZ REYES,<br><br>    Plaintiff,<br><br>v.<br><br>KENOSIAN & MIELE, LLP, a California limited liability partnership, and KENNETH JOHN MIELE, individually and in his official capacity, *et al.*,<br><br>    Defendants. | No. C 07-00253 MJJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

## INTRODUCTION

Before the Court is Defendants Kenosian & Miele, LLP, and Kenneth Miele's (collectively, "Defendants") Motion for Partial Judgment on the Pleadings. (Docket No. 22.) Plaintiff Manuel Reyes ("Plaintiff" or "Reyes") opposes the motion. For the following reasons, the Court **GRANTS** Defendants' Motion for Partial Judgment on the Pleadings.

## FACTUAL BACKGROUND

The instant action presents a debt collection dispute. The material allegations of the operative Complaint are as follows. On January 25, 2006, Defendants filed a debt collection action on behalf of their client, Unifund CCR Partners ("Unifund"), against Plaintiff in San Mateo County Superior Court ("state court action").[1] In the state court action, Defendants claimed that Unifund purchased, or was otherwise assigned, an alleged debt that Plaintiff owed to his credit card company,

---

[1] *Unifund CCR Partners v. Manuel L. Reyes, et al.*, Case No. CJL-452482.

First USA Bank, N.A ("First USA"). Defendants sought to collect $3,985.85 in damages, as well as pre-judgment interest and attorneys' fees.

Following a state court trial, judgment was entered in Plaintiff's favor. Shortly thereafter, Plaintiff filed the operative Complaint in this case asserting two claims: (1) violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) ("FDCPA"); and (2) violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq*. ("RFDCPA" or "Rosenthal Act"). Plaintiff incorporates the underlying state court complaint in his current Complaint. As is relevant to this Motion, Plaintiff specifically alleges that Defendants violated the Rosenthal Act by: (1) misrepresenting the character, amount or legal status of Plaintiff's alleged debt in violation of Cal. Civ. Code § 1788.13(e); (2) misrepresenting the compensation that could lawfully be collected in violation of Cal. Civ. Code § 1788.13(e); (3) threatening to collect attorney's fees in violation of Cal. Civ. Code 1788.13(e); (4) misrepresenting that Unifund was lawfully entitled to attorney's fees in violation of Cal. Civ. Code 1788.13(e); (5) misrepresenting that Unifund was lawfully entitled to collect the debt in question in violation of Cal. Civ. Code 1788.13(l); and (6) attempting to collect interest, fees, or other charges from Plaintiff not authorized by the debt-creating agreement in violation of Cal. Civ. Code § 1788.13(e). (Complaint ¶ 34.)

Defendants now seek to dismiss Plaintiff's state law RFDCPA claims on the grounds that they are based upon statements made in pleadings filed in state court, and are therefore barred by the litigation privilege, Cal. Civ. Code § 47.

**LEGAL STANDARD**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party. *See Brennan v. Concord EFS, Inc*., 369 F. Supp. 2d 1127, 1130-31 (N.D. Cal. 2005). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th

1 Cir. 1990).

2 Although materials outside of the pleadings should not be considered, a court may consider all materials properly submitted as part of the complaint, such as exhibits. *See Hal Roach Studios*, 896 F.2d at 1555 n.19. Otherwise, if "matters outside the pleadings are presented to and not excluded by the Court," the motion must be treated as a summary judgment motion. Fed. R. Civ. P. 12(c).

**DISCUSSION**

Plaintiff claims that Defendants violated the RFDCPA by alleging, in the state court complaint, that Plaintiff owed an outstanding debt to Defendants and that Defendants were entitled to attorney's fees. The issue before the Court is whether Plaintiff's RFDCPA claims are barred by the California litigation privilege, Cal. Civ. Code § 47(b). Plaintiff contends that the litigation privilege does not apply to the allegations contained in Defendants' state court complaint because Defendants' assertions were "conduct," not "communication," and because the RFDCPA overrides the litigation privilege as a matter of statutory interpretation. Before turning to the merits of these arguments, a review of the California litigation privilege is instructive.

The California litigation privilege applies to any publication or broadcast made in any judicial proceeding. Cal. Civ.Code § 47(b). The privilege is absolute in nature and "is now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *See Silberg v. Anderson*, 50 Cal. 3d 205, 215 (1990) (citations omitted). In addition to communicative acts in a judicial proceeding, the privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.* at 212. Accordingly, California courts have held that pleadings and proceedings, even potentially those occurring before or after the lawsuit, that have "some relation" to the lawsuit are privileged under section 47(b). *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993) (finding the complaint and subsequent pleadings in the litigation were privileged); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1379-80 (1999) (noting that a "classic example" of a situation in which the litigation privilege would apply is an "attorney demand letter threatening

3

to file a lawsuit if a claim is not settled"?); *Ascherman v. Natanson*, 23 Cal. App. 3d 861, 865 (1972) (finding that the privilege extends to "preliminary conversations and interviews" related to a contemplated action). The case law therefore interprets the litigation privilege as applying to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg*, 50 Cal. 3d at 212.

The rationale for the broad sweep of the litigation privilege is that it affords "litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id*. at 213; *Albertson v. Raboff*, 46 Cal. 2d 375, 380 (1956). The privilege also promotes the effectiveness of judicial proceedings by encouraging "open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." *McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal. App. 3d 961, 970 (1987). In short, the litigation privilege "places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation, an evil far worse than an occasional unfair result." *Silberg*, 50 Cal. 3d at 214.

With this framework in mind, the Court turns to the merits of the present case.

**A.     Defendants' Filing of the State Court Complaint is a Communicative Act.**

Plaintiff argues that the litigation privilege does not apply because Defendants' assertions in the state court debt collection action were "conduct" and not "communication." The Court disagrees.

"Because the litigation privilege protects only publications and communications, a 'threshold issue in determining the applicability' of the privilege is whether the defendant's conduct was communicative or noncommunicative." *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 957 (2007) (citing *Rusheen v. Cohen*, 37 Cal.4th 1048, 1058 (2006)). The distinction between communicative and noncommunicative conduct hinges on the gravamen of the action. *See Rubin*, 4 Cal.4th 1195; *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1132, n. 12 (1990). "[I]f the gravamen of the action is communicative, the litigation privilege extends to noncommunicative acts

4

1 that are necessarily related to the communicative conduct. . . . Stated another way, unless it is
2 demonstrated that an independent, noncommunicative, wrongful act was the gravamen of the action,
3 the litigation privilege applies." *Jacob B.*, 40 Cal. 4th at 957 (citing *Rusheen*, 37 Cal. 4th at 1065).

4 Here, Plaintiff does not allege that Defendants engaged in any conduct outside of asserting
5 allegations against Plaintiff in the state court complaint. Plaintiff's Complaint in fact expressly
6 incorporates by reference the content of Defendants' state court debt collection complaint.
7 (Complaint ¶ 12.) Plaintiff has failed, therefore, to demonstrate that the operative Complaint is
8 based on the existence of an independent, noncommunicative, wrongful act. Instead, the gravamen
9 of the action is based on contents of the state court complaint, which is a communication subject to
10 the litigation privilege. *See, e.g., Rubin*, 4 Cal. 4th at 1194. For this reason, the Court finds
11 unavailing Plaintiff's argument that the litigation privilege does not apply because Defendants'
12 assertions were not communicative.

13 **B.    Plaintiff's Contentions Do Not Support the Proposition that the RFDCPA is**
14 **Exempted from the Litigation Privilege.**

15 Plaintiff contends that principles of statutory construction support the proposition that the
16 RFDCPA is exempted from the litigation privilege. Plaintiff argues that the RFDCPA trumps the
17 litigation privilege because the RFDCPA is more recent[2] and specific. Plaintiff cites the well-
18 established principle that, where statutes are otherwise irreconcilable, later and more specific
19 enactments prevail over earlier and more general ones. *One2One Learning Found.*, 39 Cal. 4th 1164,
20 1208 (2006). Plaintiff posits that the RFDCPA is specifically focused on debt collection acts and
21 practices, whereas the litigation privilege covers "communications" generally. Plaintiff argues that
22 an inherent conflict exists between the litigation privilege and the aims of the RFDCPA and that the
23 litigation privilege vitiates the RFDCPA's statutory scheme by immunizing consumer debt collection
24 activities specifically proscribed by the act. The Court disagrees.

25 At the outset, the Court notes that while there is no California authority on the issue, there is a
26 split of authority among federal district courts on the question of whether the litigation privilege and

27

28    [2]The RFDCPA was enacted in 1977, Cal. Civ. Code § 1788, and the litigation privilege was enacted in 1872, Cal. Civ. Code § 47.

5

the Rosenthal Act are irreconcilable. *Compare Butler v. Resurgence Fin., LLC,* --- F. Supp. 2d---, No. 07-3919, 2007 WL 3337401 (C.D. Cal. Nov. 6, 2007) (finding that the RFDCPA overrides the litigation privilege)*, and Oei v. N. Star Capital Acquisitions*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006) (same), *with Nickoloff v. Wolpoff & Abramson, L.L.P.*, No. 07-3990, 2007 WL 2735289 (C.D. Cal. Sept. 18, 2007) (finding that the RFDCPA does not trump the litigation privilege), and *Taylor v. Quall*, 458 F. Supp. 2d 1065 (C.D. Cal. 2006) (same). Defendants contend that the Court should follow the rationale of *Nickoloff* and *Taylor*, while Plaintiff finds *Oei* and *Butler* persuasive.

Each court that has confronted the issue of whether the litigation privilege and the RFDCPA are irreconcilable has made findings in the context of the alleged violations presented in that case. In *Oei*, the court found that the RFDCPA prevailed over the litigation privilege where plaintiffs alleged multiple instances of harassing communications and conduct occurring prior to the debt collection action. *Id.* at 1092. The court found that the two statutes were irreconcilable in that case because the RFDCPA "would effectively immunize conduct that the Act prohibits. . . . [f]or example . . . threats that failure to pay a consumer debt may result in the garnishment of the debtor's wages or the sale of his property . . . [or] repeated, continuous and harassing telephone calls." *Id.* at 1100. Because the alleged communications were arguably within the scope of the litigation privilege, applying the litigation privilege to immunize this conduct would "vitiate the Rosenthal Act and render the protections it affords meaningless." *Id.* at 1101. The court therefore found that, in this factual context, the two statutes were irreconcilable and thus the RFDCPA prevailed over the litigation privilege. *Id.* at 1100-01.

In *Butler*, the court found that all of the alleged actions were taken in judicial proceedings by a litigant and as such were within the scope of the litigation privilege. *See Butler*, 2007 WL 3337401, *1-2. The court, however, did not discuss whether the two statutes were irreconcilable. Instead, the Court found that the RFDCPA was a remedial statute and followed *Oei* in finding that the litigation privilege does not apply to the provisions of the RFDCPA. The court also relied on a California Court of Appeals case, *First North American National Bank v. Superior Court*, which considered whether non-litigation activities were protected by the litigation privilege, but did not consider whether the litigation privilege applied to debt collection efforts that occurred solely within the

6

1  context of litigation.  *See First N. Am Nat. Bank v. Superior Court*, No. B176618, 2005 WL 67123,
2  *5-6 (Cal. Ct. App. Jan. 13, 2005).

3       On the other hand, both *Taylor* and *Nickoloff* found that allegations regarding debt collection
4  efforts that occurred entirely within the context of litigation did not present a situation wherein the
5  two statutes were irreconcilable.  In *Taylor*, decided before *Oei*, the court found that there was no
6  authority to support Plaintiff's contention that allegedly wrongful debt collection practices that
7  occurred entirely in the context of litigation were exempted from the litigation privilege.  *Taylor,* 458
8  F. Supp. 2d at 1067-69.  Similarly, in *Nickoloff*, decided after *Oei*, the court found that the case was
9  factually distinguishable from *Oei.*  In *Nickoloff,* the plaintiff alleged that the defendant submitted
10 insufficient documents during an arbitration proceeding, but, unlike *Oei*, did not allege other
11 wrongful practices.  *Nickoloff*, 2007 WL 2735289, at *2.  The court therefore found that "there is no
12 reason or precedent for exempting the Rosenthal Act claim in this case from the litigation privilege
13 set forth in Cal. Civ. Code § 47."  *Id*.

14      The instant case is distinguishable from *Oei* and *Butler*.  Here, unlike in *Oei*, Plaintiff makes
15 no allegations of wrongful conduct occurring outside of the filing of a state court complaint.  Rather,
16 Plaintiff bases his Complaint entirely on the allegations contained in Defendants' state court
17 complaint.  The court in *Oei* understandably confronted a different question of the irreconcilability of
18 the statutes given the allegations in that case.  The Court therefore finds *Oei* to be distinguishable.  In
19 addition, *Butler* is not persuasive as it does not consider whether the statutes are irreconcilable and
20 instead relies on *Oei*, which is factually distinguishable, and *First North American*, which does not
21 speak to whether the filing of a complaint to recover a debt under the RFDCPA is protected by the
22 litigation privilege.

23      Instead, the present case is more similar to *Nickoloff* and *Taylor*. The only allegedly wrongful
24 debt collection practices in the present case occurred entirely in the context of the filing of a state
25 court complaint to recover a debt.  The RFDCPA does not explicitly regulate the content of
26 complaints or other pleadings that are transmitted in connection with an actual legal proceeding and
27 only prohibits the use of the courts as a means to collect a debt in a few specific ways, none of which
28 are at issue here.  *See* Sections 1788.15(a), (b) (proscribing a debt collector's use of judicial

**United States District Court**
For the Northern District of California

7

1 proceedings with knowledge that service of process has not been legally effected, and proscribing the
2 debt collector's use of judicial proceedings in counties other than where the debtor incurred the debt
3 or resides); Section 1788.16 (proscribing a debt collector's simulation of a "legal or judicial process"
4 in collecting a debt). The application of the litigation privilege to the communication at issue in this
5 case would not, therefore, vitiate the RFDCPA and render it meaningless as was found in *Oei*. The
6 Court therefore follows the lead of *Nickoloff* and *Taylor* in finding that the litigation privilege and the
7 RFDCPA are not irreconcilable in this case. Plaintiff's statutory construction argument is, therefore,
8 unavailing.

9 Having rejected the argument that the statutes are irreconcilable, the Court turns to Plaintiff's
10 legislative intent argument. Here, Plaintiff asserts that subsequent amendments of the ligation
11 privilege establish, by implication, a legislative intent to exempt the Rosenthal Act from the litigation
12 privilege. (Plf.'s Supp. Mem. at 2.) Plaintiff's argument, however, requests that the Court exempt
13 the Rosenthal Act from the general application of the litigation privilege absent any support in the
14 legislative history. The Court declines to do so.

15 First, the Court notes that it should not lightly imply exceptions to legislative enactments.
16 "Under the maxim of statutory construction, *expressio unis est exclusion alterius*, if exemptions are
17 specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent
18 to the contrary." *People v. Palacios*, 41 Cal. 4th 720, 731 (2007) (citations omitted). Here, Plaintiff
19 cites no such intent, nor can the Court find any.[3]

20 In addition, the California Legislature's incorporation of the FDCPA into the RFDCPA in
21 1999 does not support an implied exception. The RFDCPA explicitly excludes attorneys from the
22 definition of "debt collectors" while the FDCPA does not. *See* Cal. Civ. Code § 1788.2(c); 15 U.S.C.
23 § 1692a(6). In addition, the Supreme Court of the United States interpreted the FDCPA as applying
24 to attorneys who regularly, through litigation, engage in debt collection. *See Heintz v. Jenkins*, 514
25 U.S. 291, 299 (1995). The California legislature incorporated sections of the FDCPA into the
26 RFDCPA in 1999, four years after *Heintz* was handed down. *See* Cal. Civ. Code § 1788.17. Plaintiff

---

[3] Instead, the only legislative intent noted by either party is that the 1999 amendments to the RFDCPA were intended to increase the protections afforded California consumers under the act. (Plf.'s Supp. Mem. at 2; Def.'s Supp. Mem. at 7.)

8

therefore argues that an attorney's litigation activities are subject to the RFDCPA as well as the FDCPA. (Plf.'s Supp. Mem. 2-3.) Upon review, the Court finds that *Heintz* did not consider the FDCPA in conjunction with the California litigation privilege at issue here, nor is there a parallel holding regarding the RFDCPA. In addition, while the California Legislature did incorporate parts of the FDCPA into the RFDCPA in 1999, four years after *Heintz* was handed down, it did not incorporate the section at issue in *Heintz,* 15 USC 1692a(6), which defines "debt collector." *See* Cal. Civ. Code § 1788.17; *Heintz*, 514 U.S. at 293. Instead, California retained the prior RFDCPA-specific definition of "debt collector" which included an "attorney exemption." *See* Cal. Civ. Code § 1788.2(c). Thus, the incorporation of the FDCPA into the RFDCPA does not support Plaintiff's contention that the RFDCPA trumps the litigation privilege.

Finally, the cases that recognized exceptions to the litigation privilege, while supporting the proposition that courts can recognize exceptions to the litigation privilege, do not suggest that the RFDCPA was intended to create such an exception. *See, e.g.*, *Shafer v. Berger*, 107 Cal. App. 4th 54, 81 (2003) (holding that an attorney may be liable for fraudulent misrepresentations made to defeat a statutory cause of action created by Insurance Code section 11580); *Schoendorf v. U.D. Registry, Inc.*, 97 Cal. App. 4th 227, 243 (2002) (holding that nonparticipants and nonlitigants to judicial proceedings are not protected from liability under the litigation privilege and noting that to the extent the litigation privilege cannot be reconciled with the state and federal statutes at issue, the statutes prevailed because they were more specific).

Finding no support for the proposition that the Legislature intended to exempt the RFDCPA from the litigation privilege, the Court declines to imply such an exception as advocated by Plaintiff. Such an implied exception is not supported by the case law or the record before this Court. Thus, in sum, the Court follows the lead of *Nickoloff* and *Taylor*, and finds that there is no reason to conclude that the RFDCPA is exempted from the litigation privilege in this case.

//

//

//

//

9

**CONCLUSION**

Because Plaintiff basis his RFDCPA claims exclusively on Defendants' communications within the state court debt collection complaint, the Court finds that the litigation privilege applies. For the foregoing reasons, the Court **GRANTS** Defendants' motion for partial judgment on the pleadings as to Plaintiff's RFDCPA claims.

**IT IS SO ORDERED.**

Dated: December 5, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE