IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LOPEZ REYES, | No. C07-00253 MJJ |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| KENOSIAN & MIELE, LLP, ET AL, | |
| Defendants. | |

**INTRODUCTION**

Before the Court are cross Motions for Summary Judgment, one brought by Defendants Kenosian & Miele, LLP, and Kenneth Miele (collectively, "Defendants") and the other brought by Plaintiff Manuel Reyes ("Plaintiff" or "Reyes"). (Docket Nos. 29, 83.) Both Motions are opposed. For the following reasons, the Court **GRANTS in part and DENIES in part** Defendants' and Plaintiff's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

The instant action presents a debt collection dispute. The following facts are undisputed unless noted.

On January 25, 2006, Defendants filed a debt collection action on behalf of their client, Unifund CCR Partners ("Unifund"), against Plaintiff in San Mateo County Superior Court ("state court action").[1] In the state court action, Defendants claimed that Unifund purchased, or was otherwise assigned, an alleged debt that Plaintiff owed to his credit card company, First USA Bank, N.A ("First USA"). Defendants, on behalf of Unifund, sought to collect $3,985.85 in damages, pre-judgment interest at twenty-two percent per year and an award of reasonable attorney's fees of at

---

[1] *Unifund CCR Partners v. Manuel L. Reyes, et al.*, Case No. CJL-452482.

least $293.15 "by the card holder agreement, local court rules and/or Civil Code § 1717.5 plus attorney fees according to proof, for motions, mediation, arbitration or trial." (*See* Complaint, Exh. 1, State Court Complaint ("State Court Complaint") at 3-4.)

Following a state court trial, judgment was entered in Plaintiff's favor. (Defs.' Motion, Miele Decl., Exh. C ("State Court Judgment") at 2.) The court found that Unifund failed to submit credible evidence that it was assigned the debt or that it was the proper party in the case. (*Id*.) The court further found that Unifund violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.13(1) by falsely representing that the debt was actually assigned to Unifund when it was not. (*Id*.)

Shortly thereafter, Plaintiff filed the operative Complaint in this case against the firm and lawyer that represented Unifund in the state court action. Plaintiff incorporates the underlying *Unifund v. Reyes* complaint in his current Complaint and alleges that Defendants' allegations in the state action complaint violated: (1) the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) ("FDCPA"); and (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq*. ("Rosenthal Act"). The Court granted Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Rosenthal Act claims, on the grounds that they are based solely upon statements made in pleadings filed in state court, and are therefore barred by the litigation privilege, Cal. Civ. Code § 47.

Plaintiff's remaining claims, under the FDCPA, allege that Defendants: (1) misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); (2) misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt in violation of 15 U.S.C. § 1692e(2)(B); (3) threatened to collect attorney's fees from Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); (4) misrepresented that Unifund was lawfully entitled to attorney's fees pursuant to Cal. Civil Code § 1717.5 in violation of 15 U.S.C. § 1692e(1); (5) misrepresented that Unifund was lawfully entitled to collect the debt allegedly owed to First USA Bank, N.A., in violation of 15 U.S.C. §§ 1692e and 1692e(1); and (6)

2

attempted to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1). (Complaint ¶ 26.) Plaintiff further claimed that he is entitled to an award of statutory damages, costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k. (*Id.*)

Defendants now seek summary judgment on Plaintiff's FDCPA claims, arguing that: (1) a state court complaint is not subject to the FDCPA pursuant to case law, public policy and the First Amendment; (2) Unifund owned the account at the time the suit was filed thus Defendants were authorized to collect the debt; and (3) Defendants' prayer for attorney's fees under Cal. Civil Code § 1717.5 did not violate the FDCPA. (*See* Defs.' Motion.) Plaintiff seeks summary judgment on all claims, arguing that: (1) Defendants misrepresented the amount of the debt owed by Plaintiff; (2) Defendants attempted to collect attorney's fees pursuant to Cal. Civil Code § 1717.5, which is not a lawfully authorized action; and (3) Defendants attempted to collect a consumer debt which was not assigned to their client, Unifund.[2] (*See* Plf.'s Motion.)

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Id.* at

---

[2] Plaintiff also seeks summary judgment on the Rosenthal Act claims. After Plaintiff filed his Motion, however, the Court granted Defendants' Motion for Judgment on the Pleadings on the Rosenthal Act claims and therefore Plaintiff's request is moot.

3

1  248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at
2  250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a
3  reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the
4  material issue in its favor. *Id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is
5  not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations
6  omitted).

## ANALYSIS

Defendants' Motion, and Plaintiff's response thereto, focuses on the issue of whether state court complaints are subject to the FDCPA. Plaintiff's Motion, and Defendants' response thereto, focuses more directly on whether there is a triable issue of material fact as to any of Plaintiff's claims in this matter. The Court, therefore, first addresses the legal question of the application of the FDCPA to this case, then turns to the evidence before the Court on each of Plaintiff's claims.

**I.  State Court Complaints are Subject to the FDCPA**.

Defendants urge the Court to find that state court complaints are not, as a matter of law, subject to the FDCPA. The Court finds that while Defendants' position has surface appeal, the current legal landscape does not ultimately provide support for dismissal of Plaintiff's claims on the grounds that state court complaints, as a matter of law, are not subject to FDCPA regulation.

As an initial matter, in rejecting Defendant's legal contention, the Court notes that the statutory language of the FDCPA does not support a finding that state court complaints are, as a matter of law, excluded from its reach. The FDCPA is the primary federal legislation dealing with unfair and deceptive consumer debt collection practices. The FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. *See* 15 U.S.C. § 1692 *et. seq.*; *Heintz v. Jenkins*, 514 U.S. 291, 292-93 (1995). The FDCPA does not explicitly regulate the content of complaints or other pleadings that are transmitted in connection with an actual legal proceeding and only prohibits the use of the courts as a means to collect a debt in a few specific ways, none of which are at issue here. *See e.g.,* 15 U.S.C. § 1692i(a) (proscribing the debt collector's use of judicial proceedings in judicial districts other than where the real property is located, where the consumer signed the contract sued upon or where the consumer

4

resides); 15 U.S.C. § 1692e(13) (proscribing a debt collector's false representation that documents are, or are not, legal process). However, there is also no express indication in the statutory language that state court complaints are, as a matter of law, excluded from the statute's reach.

Turning to the case law cited by both parties, the Court notes that the issue before it appears to be one of first impression as neither the Supreme Court nor the Ninth Circuit have addressed the specific question of whether state court complaints are subject to FDCPA regulation. However, a review of existing Supreme Court, Ninth Circuit and numerous out-of-circuit decisions illuminate this issue and counsel against adopting the legal position advanced here by Defendants.

First, in *Heintz*, the Supreme Court held that the FDCPA applies to the litigation activities of attorneys who regularly engage in debt collection. *See Heintz*, 514 U.S. at 299. While the critical question confronted by *Heintz* was whether the FDCPA applied to attorneys, the Court in *Heintz* discussed the application of the FDCPA to ordinary, court-related documents and declined to draw a line between "legal" activities and "debt collection" activities because "litigating, at first blush, seems simply one way of collecting a debt." *See Heintz*, 514 U.S. 296-97. *Heintz*, although not expressly engaging the question here, leaves little room for the broad finding that state court complaints are never subject to the FDCPA.

In addition, numerous out-of-circuit courts have interpreted *Heintz* to support the proposition that litigation activities of attorneys, including the filing of a complaint and other court documents, are subject to the FDCPA. *See, e.g., Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229-32 (4th Cir. 2007) (holding that the FDCPA applies to the litigation activities of attorneys because of the statutory language, the Supreme Court's holding in *Heintz* and similar holdings by other circuits); *Goldman v. Cohen*, 445 F.3d 152, 155 (2nd Cir. 2006) (holding that legal pleadings are subject to the FDCPA unless the precise statutory section at issue expressly excludes legal pleadings); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472-73 (7th Cir. 2000) (holding that an allegation in a state court complaint was a false representation and a violation of FDCPA). This authority, although not binding, is persuasive given the lack of Ninth Circuit precedent on the issue.

While not confronting this exact question, the Ninth Circuit has interpreted parts of the FDCPA since *Heintz*. In *Guerrero v. RJM Acquisitions*, 499 F.3d 926 (9th Cir. 2007), the Ninth

5

Circuit held that "communications directed only to the debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act." *See* 499 F.3d at 936. The court explained that this outcome is compelled by the FDCPA's emphasis on protecting *consumers* from abuse, harassment and deceptive collection practices and the congressional understanding, evinced by the statute, that "when it comes to debt collection matters, lawyers and their debtor clients will be treated differently." *Id.* at 935-36. The court further held that the concerns underlying the FDCPA, to protect consumers against disruptive, threatening and dishonest tactics, are not implicated when communications are directed to an individual's attorney. *Id.* at 938-39. *Guerrero*, therefore, illuminates the rationale behind the FDCPA and applies that rationale to determine that the FDCPA does not apply when the evils it was created to remedy are not present. Policy rationale notwithstanding, *Guerrero* does not, however, address the issue currently before the Court.

Defendants urge the Court to interpret *Heintz* narrowly and assert that the broad principles that animated the Ninth Circuit's ruling in *Guerrero* apply with equal force here. Specifically, Defendants argue that the Court should find that the filing of a state court complaint does not implicate the evils that the FDCPA is designed to remedy. With the filing of a complaint, the court, a third party, is involved and can help protect the consumer against potential abuses, misrepresentations and deceptive practices. While conceding at oral argument that no court has "gone this far" in limiting the application of the FDCPA, Defendants urge the Court to break this new ground.

In support of their argument, Defendants also rely upon a number of out-of-circuit courts that have confronted the issue of whether state court complaints are subject to the FDCPA. (Defs.' Motion at 8-10.) The cases cited by Defendants, however, are unpersuasive. In *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, the Seventh Circuit noted, without reference to *Heintz*, that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court." 480 F.3d 470, 473 (7th Cir. 2007.) The Seventh Circuit made explicit that it was not, however, reaching the question of whether the FDCPA covers the process of litigation. *Id.* Defendant also cites another set of cases in which a number of courts found that a request for attorney's fees in a complaint is not a violation of the FDCPA. *See, e.g., Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 61-62

6

(D. Mass. 1998) (finding that a request for attorney's fees set forth in a complaint and later deleted by amendment did not violate the FDCPA in part because it was a request to the court, not a demand to the debtor himself); *Winn v. Unifund CCR Partners, et. al.*, CV 06-447-TUC-FRZ, 2007 WL 974099, *2-3 (D. Ariz. March 30, 2007) (finding, following *Argentieri*, that a request for attorney's fees in a prayer for relief did not violate the FDCPA even though it requests an amount not expressly authorized); *Rael v. Davis*, 1:06-cv-0081-JDT-TAB, 2006 WL 2346396, *4-5 (S.D. Ind. Aug. 11, 2006) (finding that the mere request for attorney's fees, even if unlikely to prevail, is not an attempt to collect a debt under the FDCPA). This line of cases is limited to requests for attorney's fees within a complaint and the cases do not take on the overarching question of whether state court complaints are subject to the FDCPA. While these cases are relevant to the merits of Plaintiff's claim that Defendants violated the FDCPA by requesting attorney's fees in the state court complaint, discussed below, they do not provide the Court with authority to find that state court complaints are not subject to the FDCPA.[3]

In the context of this case law, none of which commands the outcome of the question in the instant case, the Court cannot find that the FDCPA does not, as a matter of law, ever apply to state court complaints. The Court agrees that the allegations set forth in a complaint may not present the same risk of unfair and deceptive practices as other debt collection efforts. The filing of a state court complaint is somewhat different than other collection efforts such as telephone calls or letters sent directly to a consumer because, inter alia, it is supervised by a court and is regulated by a vast array of rules of procedure, ethics and evidence. This recognition does not, however, support the broad legal finding proffered by Defendants. Given the broad language in *Heintz,* the weight of authority applying the FDCPA to the contents of state court complaints, and an absence of controlling authority or statutory language to the contrary, the Court therefore rejects Defendants' contention

---

[3] After oral argument Defendants drew the Court's attention to *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003). In *Vega*, the Eleventh Circuit held that legal actions are not "communications" in connection with the collection of a debt. *Vega*, 351 F.3d at 1336-37. The Court did not give Defendants leave to make this untimely filing and thus Plaintiff was not provided an opportunity to respond. The Court, however, does not find *Vega* persuasive because the decision relies, in large part, on a Federal Trade Commission ("FTC") document that states that a "communication" under the FDCPA does not include a formal legal action. *See Vega*, 351 F.3d at 1336-37. The document the court relies on, however, is the FTC's publication of staff commentary on the FDCPA, which is not binding and does not have the force of a trade regulation or rule or formal agency action. *See id.* Thus, Defendants submission of *Vega*, although untimely, is not persuasive and thus not prejudicial to Plaintiff.

7

that the FDCPA does not, as a matter of law, ever apply to state court complaints.

Defendants next urge the Court to consider the policy reasons and First Amendment concerns inherent in the FDCPA's regulation of the contents of state court complaints. (Defs.' Motion at 10-16.) Specifically, Defendants argue that: (1) collection complaints and attorneys who file them are sufficiently regulated by state law and (2) interpreting the FDCPA in a manner that subjects collection attorneys who file collection complaints to strict liability under the FDCPA will chill the right to petition under the First Amendment. (*See* Defs.' Motion at 12.) The Court, however, finds these arguments unavailing.

While the Court's decision in *Heintz* does not discuss any potential litigation privileges or immunities, the decision, as discussed above, leaves little room for the proposition that an attorney's litigation activities are immune and thus not subject to the FDCPA. In *Heintz*, the Court discussed, and refuted, the debt collector attorney's arguments that "anomalies" would arise if the FDCPA applied to litigating attorneys. 514 U.S. at 295-96. For example, the Court rejected the notion that § 1692e(5), which forbids a "debt collector" from making any "threat to take action that cannot legally be taken," would "automatically would make liable any litigating lawyer who brought, and then lost, a claim against a debtor." *Id.* at 295. Instead, the Court pointed out that the FDCPA excludes debt collectors who show "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.*; 15 U.S.C. § 1692k(c). Thus, the Court held, that

> even if we were to assume that the suggested reading of § 1692e(5) is correct, we would not find the result so absurd as to warrant implying an exemption for litigating lawyers. In any event, the assumption would seem unnecessary, for we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an action that cannot legally be taken.

*Heintz*, 514 U.S. at 295-96 (quotation omitted). This discussion in *Heintz* assumes that the FDCPA applies to the filing of a state court complaint, but encourages a reading of the statute that does not inhibit ordinary, lawful litigation.

In addition, a number of courts, when faced with this question, have found that any common law or first amendment-based litigation immunity doctrine is trumped by the statutory language of the FDCPA and the Court's holding in *Heintz*. *See e.g., Sayyed*, 485 F.3d at 229-32; *Kelly v. Great*

8

*Seneca Financial Corp.*, 443 F. Supp. 2d 954, 959-60 (S.D. Ohio 2005) (holding that the defendants' immunity arguments, based on a federal common law litigation privilege or the First Amendment, cannot overcome the unambiguous holding of *Heintz*); *Barany-Snyder v. Weiner*, 1:06-cv-2111, 2007 WL 210411, *9 (N.D. Ohio Jan. 24, 2007) (same). The Court finds these cases persuasive given the broad language in *Heintz*. In addition, Defendant does not offer any contrary authority. The Court therefore rejects Defendants' assertion that the First Amendment, as a matter of law, protects the filing of a state court complaint from the reach of the FDCPA.

**II.     Triable Issues of Material Fact on Plaintiff's Claims**

Finding that the FDCPA applies to state court complaints, the Court next turns to the merits of Plaintiff's claims to determine if either party is entitled to summary judgment. The Court applies a "least sophisticated debtor" standard to FDCPA claims. *See Guerrero*, 499 F.3d at 934. Although the standard is objective, it is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988). As a preliminary matter, the Court notes that the parties do not dispute that Plaintiff is a consumer, Defendants attempted to collect a "consumer debt" from Plaintiff and that Defendants are "debt collectors" as is required under the FDCPA. The three issues presented in this Motion are addressed in turn.

**1.     Misrepresentation of debt**

Plaintiff alleges in the Complaint that Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A). (*See* Complaint at 5.) The sole factual allegation in the Complaint related to this claim is that Defendants filed a lawsuit against Plaintiff which sought to collect $3985.85 in damages. (*See* Complaint at 3.) Plaintiff, in this Motion, now asserts that Defendants sought an amount on behalf of Unifund that did not reflect a $600 payment made by Plaintiff's wife in September 2005. (Plf.'s Motion at 10.) Plaintiff also now contends that Defendants' alleged misrepresentation violated not only § 1692e(2)(A), but also violated §§ 1692e, 1692e(5), 1692e(10) and 1692f(1).

Defendants, in response, contend that Plaintiff did not plead this theory of recovery in the Complaint, nor did Plaintiff reveal the facts underlying this new theory in his responses to

9

Defendants' discovery requests, or disclose Plaintiff's wife as a person with knowledge of the relevant facts. (Def.'s Opp. at 2-3.) Defendants, therefore, argue that Plaintiff cannot inject a new theory of recovery into the action with this summary judgment motion. (*Id*.) If, however, the Court permits Plaintiff to pursue this theory of recovery, Defendants request additional time, pursuant to Federal Rule of Civil Procedure 56(f) ("Rule 56(f)") to complete the relevant discovery.

As a general rule, "[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." *American Timber & Trading Co., v. First Nat'l Bank*, 690 F.2d 781, 786 (9th Cir. 1982). Pursuant to Rule 56(f), upon a showing by the party opposing a motion for summary judgment that it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the court may deny or continue the motion for summary judgment in order to permit that party an opportunity to obtain necessary discovery. A Rule 56(f) motion should be granted where the party opposing summary judgment makes a timely application that specifically identifies relevant information to be discovered, and there is some basis for believing that such information actually exists, and would prevent summary judgment. *Nidds v. Schindler*, 113 F.3d 912, 921 (9th Cir.1996); *Visa Int'l Serv. Ass'n v. Bankcard Holders*, 784 F.2d 1472, 1475 (9th Cir.1986).

Here, Defendants contend that Plaintiff does not allege this legal theory, or the factual contentions underlying this theory, in the Complaint, nor did they have notice of it. In the Complaint, the only factual allegation that is relevant to Plaintiff's claim that Defendants misrepresented the *amount* of the debt is Plaintiff's allegation that "Defendants filed a lawsuit against the Plaintiff . . . which sought to collect $3985.85 in damages." (*See* Complaint ¶ 11.) Plaintiff's legal claim that Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A) does not necessarily put Defendants on notice that Plaintiff alleged a misrepresentation of the *amount*, rather than the legal status or character, of the alleged debt. In fact, the state court proceedings and judgment focused entirely on whether Defendants misrepresented the legal status of the debt. The state court found that Unifund failed to submit credible evidence that it was assigned the debt or that it was the proper party in the case and thus falsely represented the legal status of the Bank One debt, constituting a violation of 15 U.S.C. §

1692e(2)(A). Thus, the pleadings alone did not provide notice to Defendants of Plaintiff's factual contention regarding the amount of the debt.

In addition, Plaintiff's discovery responses did not disclose facts supporting this claim. For example, when Defendant requested that Plaintiff state facts upon which he based the FDCPA allegations, Plaintiff simply stated that Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A). (*See* Topor Decl, Exh. A, Plf.'s Resp. to Defs.' Interrog. at 3, 4.) In Plaintiff's response to Defendant's Requests for Admission, Plaintiff provides no more clarity or notice as to the fact that he disputed the *amount* of damages alleged in the state court complaint. (*See* Topor Decl., Exh. B, Plf's Resp. to Defs.' Req. for Admiss. at 5.) Plaintiff also did not disclose that Plaintiff's wife would be an individual likely to have discoverable information that Plaintiff may use to support his claims. (S*ee* Topor Decl., Exh. C ¶ A.; Exh. D; Exh. E.) Finally, Plaintiff also conceded, at oral argument, that the only way Defendants could have received notice that Plaintiff sought to pursue this factual contention was through the questions Plaintiff's counsel asked Defendant Miele at his deposition.

Plaintiff contends, however, that Defendants knew that Plaintiff's wife made a $600 payment and therefore cannot be prejudiced by this fact. Plaintiff points to Defendant Miele's declaration in which Miele relays his understanding that Plaintiff made an oral agreement to make a payment of $600 in return for the freezing of the interest accrued on the account. (Schwinn Decl., Exh. 8, Miele Deposition ("Miele Deposition") at 51-52.) Miele also stated in this deposition that he was not a party to the agreement and did not know how the $600 payment was applied to the account. (*Id*. at 52-53.)

On the record before the Court, however, there is no indication that Defendants received meaningful notice of Plaintiff's factual contention that Defendants misrepresented the *amount* of the debt owed. The limited questions that Plaintiff's counsel asked of Defendant Miele at his deposition, three weeks prior to the close of discovery, did not give Defendants sufficient notice. Instead, the Court finds that Defendants' request, at oral argument, for additional time to conduct the relevant discovery, is reasonable. The relevant information identified by Defendants, specifically the deposition of Plaintiff's wife, has the possibility of preventing summary judgment on this claim.

11

1 The Court will, therefore, continue the Motion for Summary Judgment on this claim and
2 grant Defendants additional time, pursuant to Rule 56(f), to complete the requested discovery.
3 Defendants shall, by February 15, 2008, file a supplemental opposition brief, of no more than 5
4 pages, stating Defendants' position on the merits of this claim and informing the Court of whether
5 Defendant will move on the remaining claim. Plaintiff shall, by February 22, 2008, file a
6 supplemental reply brief, of no more than 5 pages, on the merits of this claim.

### 2. Request for Attorney's Fees Pursuant to Cal. Civ. Code § 1717.5

Plaintiff contends that Defendants, in the state court complaint, requested attorney's fees pursuant to Cal. Civ. Code § 1717.5 even though attorney's fees were not available to Unifund or Defendants under this provision. Specifically, Plaintiff contends that the underlying debt was based on a contract which otherwise provided for attorney's fees and thus the attorney's fees provision in § 1717.5 was inapplicable. In addition, Plaintiff argues that Defendants could not seek attorney's fees under this provision because Unifund was the assignee of First USA Bank and the attorney's fees provision in § 1717.5 includes an exception for Banks. Accordingly, Plaintiff claims that Defendants' request for attorney's fees is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692e(5), 1692e(10) and 1692f(1).

Defendants argue that while Unifund was entitled to seek fees under the written cardholder agreement between Plaintiff and First USA, Defendants were also entitled to request attorney's fees on an alternate basis on the chance that the cardholder agreement was, inter alia, not available or authenticated at trial. (Defs.' Opp. at 6.) Defendant also asserts that Unifund is not a bank and that First U.S.A. Bank was not a party to the action. (*Id*. at 7.)

The Court, however, need not resolve the issues posed by the parties to dispose of Plaintiff's attorney's fees claims under FDCPA. Section 1692e of the FDCPA provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (2)The false representation of (A) the character, amount, or legal status of any debt . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

12

15 U.S.C. § 1692e(2). Section 1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

In the present case, Defendants' request for fees under § 1717.5 does not violate the relevant sections of the FDCPA. First, there is nothing in the record that indicates that Defendants' request for fees pursuant to § 1717.5 was unlawful.[4] Second, Plaintiff fails to raise an issue of fact establishing that Defendants' request for fees was false or deceptive in the context in which it was communicated. Plaintiff does not challenge Defendants' right to attorney's fees, just the legal basis for the request. Thus, assuming Defendants' are entitled to attorney's fees, a request for fees, in and of itself, was not a false representation. Plaintiff does not offer evidence that Plaintiff, or the least sophisticated debtor, did, or would have, perceived a request pursuant to multiple legal bases as a false representation. Indeed, it is difficult to imagine that the least sophisticated debtor would distinguish between the different legal bases for the award and would perceive the request for attorney's fees under § 1717.5 as a false representation. For the same reasons, the request for fees would not deceive a debtor, nor does Plaintiff offer any evidence that Plaintiff was so deceived. Thus, the Court finds that request for attorney's fees was neither false nor deceptive on this record. Third, Plaintiff also fails to raise an issue of fact establishing that Defendants' request for fees was unfair or unconscionable. Plaintiff offers no evidence suggesting that Defendants' used any unfair or unconscionable means, outside of the simple citation, in a complaint, to an alternate legal basis

---

[4] Cal. Civ. Code § 1717.5 states in relevant part:
(a) Except as otherwise provided by law or where waived by the parties to an agreement, in any action on a contract based on a book account . . . which does not provide for attorney's fees and costs, . . . the party who is determined to be the party prevailing on the contract shall be entitled to reasonable attorney's fees, as provided below, in addition to other costs.

(c) This section does not apply to any action in which an insurance company is a party . . . . This section does not apply to any action in which a bank, a savings association, a federal association, a state or federal credit union, or a subsidiary, affiliate, or holding company of any of those entities, or an authorized industrial loan company, a licensed consumer finance lender, or a licensed commercial finance lender, is a party.

13

for fees. Given that Defendants were entitled to attorney's fees, the request for such fees would not be unfair or unconscionable to the least sophisticated debtor.

The Court decides this question in the factual context of this case, and not as a matter of law. Still, many courts that have confronted the question of whether a request for attorney's fees in a complaint is actionable under the FDCPA have determined that it is not. *See, e.g., Argentieri*, 15 F. Supp. 2d 55, 61-62 (finding that a request for attorney's fees set forth in a complaint and later deleted by amendment did not violate the FDCPA in part because it was a request to the court, not a demand to the debtor himself); *Winn*, 2007 WL 974099, *2-3 (finding, following *Argentieri*, that a request for attorney's fees in a prayer for relief did not violate the FDCPA even though it requests an amount not expressly authorized); *Rael*, 2006 WL 2346396, *4-5 (finding that the mere request for attorney's fees, even if unlikely, is not an attempt to collect a debt under the FDCPA). These cases lend support to the Court's finding that Defendants' allegations of an alternate basis for attorney's fees that is not unlawful does not violate the FDCPA.

The Court finds, therefore, that on this record Defendants' request for attorney's fees under Cal. Civ. Code § 1717.5 is not a violation of the FDCPA. Defendants are entitled to summary judgment on this claim.

### 3. Misrepresentation of Ownership

Plaintiff argues that Defendants further violated the FDCPA by attempting to collect a consumer debt which was not assigned to their client, Unifund, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(1), and 1692f(1). Plaintiff also asserts that any attempt by Defendants to relitigate the issue of Unifund's ownership of the debt is barred by res judicata and the *Rooker-Feldman* doctrine. (Plf's Motion at 15-20.) Defendants argue that they can prove that Unifund owned the debt at issue and that their offer of proof is not barred by res judicata or the *Rooker-Feldman* doctrine. (Defs.' Opp. at 8-15.)

Defendants do indeed offer proof that Unifund owned the debt at issue and therefore did not violate the FDCPA. Defendants offer the Credit Card Account Purchase Agreement between Bank

One and Unifund.[5]  (*See* Shaffer Decl., Exh. A.)  This evidence was not offered in the state court action and in fact Unifund had no documentation at trial showing that it was the owner of the debt. (Def.'s Opp. at 10.)  Plaintiff does not provide any evidence regarding the ownership of the debt. Therefore, if Defendants are entitled to litigate this issue then they are also entitled to summary judgment on this claim.  The Court must therefore next determine if Defendants are entitled to litigate the issue of whether they received a valid assignment from Unifund authorizing the collection of the debt in question.

State court judgments are entitled to full faith and credit in federal court.  *See* 28 U.S.C. § 1738.  In determining the preclusive effect of a state court judgment, § 1738 requires the federal court to look to state law.  *See Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 US 367, 375 (1996). Under California law, res judicata requires that: (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom res judicata is asserted was a party to, or in privity with a party to, the prior adjudication.  *See Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1162 (2002); *see also Jones v. Bates*, 127 F.3d 839, 850 (9th Cir. 1997).

Neither party disputes that the state court decision was final and on the merits.  Rather, the parties disagree as to whether the issue here is identical to that litigated in the state court and whether Defendants are in privity with the party to the former proceeding.  The Court finds that Defendants were neither a party to the state court action, nor were they in privity with their client, Unifund, thus no further inquiry is required.

California courts have stated that privity is established when an individual, even though not a party, "has a proprietary or financial interest in and controls the conduct of a lawsuit." *Aronow v. LaCroix, et al.*, 219 Cal. App. 3d 1039, 1050 (1990).  "At a minimum . . . privity requires an identity of interest in and control over the prior action such that the nonparty should reasonably expect to be bound." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 878 (9th Cir. 2000).  While Defendants shared certain goals with their client Unifund, they did not share an

---

[5] Defendants request, by Administrative Motion, that the unredacted version of this agreement be filed under seal because it contains the confidential information of non-parties Unifund CCR and Bank One.  Having met the showing required, the Court grants this request.

15

identity of interest nor is there any indication in the record that Defendants had control over the prior action such that they should reasonably expect to be bound. The Court therefore finds that principles of res judicata do not bar Defendant's litigation of the ownership issue.

The *Rooker-Feldman* doctrine also does not bar Defendant's offer of proof on Unifund's ownership of the debt at issue. This doctrine:

> is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 1521-22 (2005). "Thus, Rooker-Feldman applies only when the federal plaintiff both asserts as her injury legal errors or errors by the state court and seeks as her remedy relief from the state court judgment." *Vacation Village, Inc. v. Clark County*, 497 F.3d 902, 911 (9th Cir. 2007) (quoting *Kougasian v. TMSL Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)). This case was not brought by the state court losers, Unifund. Instead it was brought by the prevailing party in the state court action, Reyes, against Defendants, who were not a party to the state court action. The *Rooker-Feldman* doctrine is therefore inapplicable to the present case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment on Plaintiff's FDCPA claims regarding Defendants request for attorney's fees and Defendants' representation that Unifund owned the underlying debt in the state court action. The Court further **CONTINUES** the Motion for Summary Judgment on the claim that Defendants misrepresented the amount of the alleged debt. Defendants shall, by February 15, 2008, file a supplemental opposition brief, of no more than 5 pages, stating Defendants' position on the merits of this claim and informing the Court of whether Defendant will move on the remaining claim. Plaintiff shall, by February 22, 2008, file a supplemental reply brief, of no more than 5 pages, on the merits of this claim.

**IT IS SO ORDERED.**

Dated: January 17, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE